# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# CASE NO.:

DONNITTA BALDWIN,

    Plaintiff,

v.

VOORHEES ROAD OPCO LLC d/b/a
ASPIRE RIDGE HAVEN,
a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, DONNITTA BALDWIN, ("Plaintiff") files this Complaint against Defendant, VOORHEES ROAD OPCO LLC d/b/a ASPIRE RIDGE HAVEN ("Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, et seq.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Pasco County, Florida, and this venue is therefore proper.

6. Defendant is a Florida Limited Liability Company that is located and does business in Pasco County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant.

8. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

9. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

10. On or around March 11, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On or around September 10, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as Certified Nursing Assistant ("CNA") from around November 1, 2023, until her termination on March 15, 2024.

16. During her tenure, Plaintiff was an excellent employee with no history of disciplinary action, tardiness, or non-approved absences.

17. Unfortunately, Plaintiff suffers from bi-polar disorder, anxiety, and kidney issues, which required her to seek bathroom breaks regularly.

18. On or about March 8, 2024, Plaintiff came to work as per normal and noted her assignments.

19. That day, Defendant's Assistant Director of Nursing conducted an unscheduled group meeting around 11:00 am with all of the CNAs.

20. Unfortunately, this group meeting coincided with the same time period that the CNAs would escort residents outside for their smoke break.

21. Defendant managers claimed that they assigned this task to Plaintiff, but they failed to advise her of this when she received her daily morning assignments.

22. On the contrary, Defendant managers assigned the smoke break escort task to Plaintiff later, and without informing her.

23. After the meeting was over, Dianne, the Director of Nursing at Defendant, angrily requested that Plaintiff go outside to supervise the residents on smoke break "immediately."

24. Plaintiff was ready and willing to do so, but due to her medical condition, she needed to use the bathroom prior to going outside.

25. Plaintiff made the reasonable request for accommodation to use the bathroom due to her disabilities.

26. In response, Dianne proceeded to scream at Plaintiff, humiliated her in front of other employees, and stated that Plaintiff can "clock out and go home" if she needs to use the bathroom.

27. Dianne then suspended Plaintiff from employment pending "investigation."

28. Plaintiff's request for accommodation is considered "protected activity" under the ADA/FCRA, and Dianne's decision to immediately suspend Plaintiff after this request is a textbook example of an "adverse employment action" in violation of the ADA/FCRA.

29. Although she was deemed suspended pending the investigation, one of the nurses informed Plaintiff as she was leaving that she was going to be terminated, and that Dianne "did not care if Plaintiff wet herself."

30. A week later, on March 15, 2024, Defendant terminated Plaintiff from her employment, claiming "insubordination."

31. It is clear that Plaintiff's disability and request for accommodation/leave were seen as problematic to Defendant's managers.

32. Any other reason theorized by Defendant is mere pretext.

5

33. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

34. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

35. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

36. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

37. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

38. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

39. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

40. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

41. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

42. Defendant did not have a good faith basis for its actions.

43. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

44. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

45. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

46. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISCRIMINATION UNDER THE ADA BASED ON DISABILITY FAILURE TO ACCOMMODATE

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9 through 24, 26 through 34, 36 through 39, and 41 through 45, above.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

49. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

50. Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of her job.

51. Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

52. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

54. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

56. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA**

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9 through 24, 26 through 34, 36 through 39, and 41 through 45, above.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

59. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

60. Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of her job.

61. Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

62. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

64. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 8 through 33, 35, and 37 through 45, above.

68. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

69. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

70. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

71. Plaintiff's protected activity, and her termination, are causally related.

72. Defendant's stated reasons for Plaintiff's termination are a pretext.

73. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

76. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY**

77. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 8 through 33, 35, and 37 through 45, above.

78. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

79. Plaintiff's request for reasonable accommodation constituted protected activity under the FCRA.

80. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

81. Plaintiff's protected activity, and her termination, are causally related.

82. Defendant's stated reasons for Plaintiff's termination are a pretext.

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

85. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back

pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 8th day of December, 2025.

                                  Respectfully Submitted,

                                ***By: /s/ Andres Kroboth***
                                Andres Kroboth, Esq.
                                Florida Bar No. 1016483
                                    RICHARD CELLER LEGAL, P.A.
                                7951 SW 6th St, Suite 316
                                Plantation, FL 33324
                                Telephone: (866) 344-9243
                                Facsimile: (954) 337-2771
                                E-mail: andres@floridaovertimelawyer.com